## ALLISON COUPON CO. v. BANK OF COMMERCE & SAVINGS.

### No. 64874.

District Court of the United States for the District of Columbia.

June 12, 1939.

Wm. S. Hodges and Dwight B. Galt, both of Washington, D. C., for plaintiff.

Maurice D. Rosenberg, of Washington, D. C., Theodore S. Kenyon, of New York City (Lee B. Kemon, of Washington, D. C., of counsel), for defendant.

LUHRING, Associate Justice.

This is a suit for the infringement of a patent.

The plaintiff is the owner, by assignment, of Letters Patent, No. 2,010,724, issued to one Edward A. Kelly of Indianapolis, Indiana, on the 6th day of August, 1935. The complaint alleges that the defendant, without license or consent of the plaintiff, has used a coupon book embodying and containing the invention of said Letters Patent, and prays for the usual relief of injunction and accounting.

The answer of the defendant denies infringement, and challenges the validity of the patent on the ground of the prior art, and, also, on the ground that the matter covered by the patent was in public use and on sale by the plaintiff more than two years before the application for patent therefor was made by Kelly. The answer further alleges that the matters purported to be covered by the patent were abandoned by Kelly.

The invention, according to the specification (p. 1), is "preferably a collection coupon book, and the chief object of the invention is to facilitate the preparation and use of coupon books for collecting similar amounts due on the same day of a series of months or on the same day and month of a series of years."

As stated in the specification (p. 1): "The chief novel feature of the invention is arranging the dates on the coupons so that one punch will indicate the months when the payment is due on all coupons in the book, and also one punch will indicate the day of the month when the payment is due on all coupons in the book. Therefore, instead of writing out the month and day on all the coupons when the payment is due, that can all be indicated merely by two punch marks. The invention applies whether the due dates of the payments are expressed in days and months as usual, or

in days, months and years. Therefore, by this means, a single punch will indicate successive months and also variable periods of time, as required in the above transactions."

The coupon book used by the defendant in its banking business is substantially the same as the coupon book of the patent. It is manufactured by the Duplex Envelope Company, Inc. of Richmond, Virginia, and was purchased by the defendant.

The Duplex Company agreed to assume all liability, defense and damage, and to hold the defendant bank harmless from any loss that might be incurred as a result of patent infringement of any books manufactured by it and sold to the defendant.

The application which eventuated in the patent here involved was filed July 18, 1928, and given serial number 293,694. After various proceedings in the Patent Office, the application was finally rejected on the prior art and a patent refused February 21, 1929. There was an appeal to the Board of Appeals and the action of the Examiner was affirmed July 23, 1931. Thereupon, and on the 20th day of December, 1931, a bill of complaint was filed in this court for the issuance of the patent pursuant to the provisions of Section 4915, R.S., 35 U.S.C.A. § 63.

There were but two claims at issue before the Patent Office in the application, serial number 293,694, that is, claims 7 and 8. The complaint as originally filed put in issue those claims which were therein numbered 1 and 2.

The first claim was for a coupon book characterized by offset month indicia; the second was for a coupon book characterized by registering day indicia whereby a single punching operation for a day will indicate the same day on all coupons and another single punching operation for a calendar month will indicate the successive calendar months on respective successive coupons.

While the suit for the issuance of the patent was pending in this court and on the 12th day of December, 1932, Kelly filed an application in the Patent Office for a patent for a Multiple Monthly Payment Coupon Book. This application was given serial number 646,804. The object of the invention there disclosed is to provide a coupon book which is adapted for use in the making of payments regularly and wherein a plurality of payments are made each month.

This application, number 646,804, contained the identical claims of the patent here involved and were there numbered 20 and 21. These claims were examined by the Patent Office and were finally rejected by the Examiner on the prior art as exemplified by the patents to Titcomb and Davis. On January 25, 1935, the Board of Appeals affirmed the rejection on the reference to Davis.

Thereafter, on the motion of the applicant, Kelly, the Patent Office transferred the two claims, 20 and 21, from application No. 646,804 to the prior application No. 293,694. The transferred claims were numbered 9 and 10, so that claims 7, 8, 9 and 10 stood rejected in application No. 293,694.

On April 26, 1935, by leave of court, Kelly filed a supplemental bill of complaint in the suit pending in this court wherein he sought the issuance of a patent for claims 20 and 21, which in the transfer, were numbered 9 and 10, in addition to the claims in issue in the original bill. On July 8, 1935, this court, Mr. Justice Bailey presiding, denied the issuance of a patent on Titcomb and dismissed the bill.

On July 9th, 1935, Mr. Justice Bailey reconsidered his previous ruling and filed the following memorandum opinion:

"I withdraw my memorandum filed in this cause on July 8, and file this in lieu of it.

"I agree with the Board of Appeals of the Patent Office in denying claims numbered 1 and 2 in the original bill on the Titcomb patent.

"As to claims 20 and 21 in the supplemental bill, the Board of Appeals held that they were not covered by the Titcomb patent, but rejected them on the reference to the Davis patent. I do not feel that the court should reject these claims on the Titcomb patent, whatever opinion I may have on that question, but if they are not rejected on the Titcomb patent, I do not think that the Davis patent prevents their allowance.

"Claims Nos. 1 and 2 will be denied; Nos. 20 and 21 granted."

On July 10, 1935, Kelly filed an amendment in the Patent Office in connection with his application, No. 293,694, wherein he cancelled claims 7 and 8, being the claims 1 and 2 that had been denied by Justice Bailey. Accompanying the amendment were the following "remarks": "Ap-

plicant files herewith a certified copy of a decree signed by Justice Jennings Bailey directing issue of a patent on present claims 9 and 10. The foregoing cancellation of claims 7 and 8 places the case in condition for allowance, and final favorable action is accordingly requested."

A comparison of the structure called for in the claims of the patent alleged to have been infringed and the structure called for in the claims that were cancelled discloses that in the former there is the addition of serial numbering of the coupons.

Application, No. 293,694, as originally filed, disclosed the scheme of offsetting the dates on successive coupons so that a single punch through the day indicia would indicate successive payment dates.

The application, No. 646,804, filed December 12, 1932, was addressed to the more complicated problem of providing semi-monthly coupon books. To solve this problem Kelly proposed, in the 1932 application, to provide two coupons for each month, the first having day numbers corresponding to the first 15 days of the month, the second having day numbers corresponding to the second 15 days of the month. The first pair of coupons had monthly indicia in registry, the second pair of coupons had monthly indicia offset by one month from the first pair, the third pair had monthly indicia offset by two months from the first pair, and so on.

There still remained the problem of serially numbering these coupons, depending upon whether the first installment was payable in the first half or the second half of the month. To solve this problem Kelly provided two sets of serial numbers arranged in two separate rows in registry vertically throughout the coupons of the set.

By this arrangement of duplicate serial numbers in registering number spaces, Kelly provided means for applying serial numbers to a semi-monthly coupon book.

In addition to the claims 20 and 21, there was also transferred from the specification of application, No. 646,804, and inserted in the application, No. 293,694, the matter which appears in the last paragraph of the patent, beginning at page 2, col. 1, line 65, which reads as follows: "An important advantage of the invention is that there is a definite relation between the consecutive arrangement of the superposed payment numbers and the due dates of the respective coupons, as established by the chronologically arranged superposed month indicia. For instance, assume that the coupons are issued to cover a total payment of $600.00 in twelve equal payments of $50.00 each, and that five payments have been made. The coupon bearing the number '6' would then be the topmost coupon of the book, because the preceding coupons would have been removed. Thus, at a glance the information is conveyed that five payments of $50.00 each have been made, totaling $250.00, and that seven payments of $50.00 remain unpaid, totaling $350.00. Therefore, there is always a definite consecutive record of the amount paid and the amount due on any date indicated by the topmost coupon of any group, or any integrated date of other coupons of each group, and the date on which the next payment is due."

The defendant contends that the patent is invalid because of lack of disclosure. It is insisted that the application, No. 293,694, as filed July 18, 1928, did not disclose serial numbering of the coupons and did not disclose any arrangement, making obvious from an inspection of the topmost coupon, the number of payments already made, and remaining to be made and the balance payable in the future.

In his answer to the supplemental bill of complaint seeking the issuance of a patent for claims 20 and 21, which appeared as claims 9 and 10 in application, No. 293,694, the Commissioner of Patents in paragraph 8 admitted "that said claims are readable on that application."

With reference to the claim that the patent is invalid because of prior public use, the evidence discloses that Kelly and the plaintiff had coupon books, such as plaintiff's Exhibit 6a, in public use and sale more than two years before the serial numbering and offset dating combination embodied in those coupon books was described or claimed in any patent application filed by Kelly. This exhibit, which was used by Kelly when testifying as a witness to illustrate the patent in suit, was made by the plaintiff in 1928 and 1929 and was in public use and for sale in 1929.

It is unnecessary to further consider the defenses of lack of disclosure, public use and abandonment. The principal defense is that the patent is invalid in view of the prior art.

The patents exemplifying the prior art and cited by the defendant are as follows:

Davis, 1,114,342, October 20, 1914.

Wilson, 1,232,877, July 10, 1917.

Titcomb, 1,370,244, March 1, 1921.

The Davis patent discloses a multiple payment coupon book containing a series of interest coupons each of which is serially numbered and each of which indicates in addition the total number of interest coupons in the set. The interest coupons of Davis bear aligned tables of month and day indications. The month indications are offset so that a punch mark through the book adjacent a month indicant upon an upper coupon will indicate, in order, succeeding months upon the following coupons. The day indicia are arranged in this same manner upon each coupon so that the punch mark will designate the same day of the month on all the coupons.

The serial number of Davis is found in Fig. 3. The coupon there illustrated bears the legend "Interest Check (or coupon) No. 1." In the box at the right of Fig. 3, representing the front face of coupon No. 1, appear the words: "Not more than six coupons attached the last being No. 6."

Davis clearly shows the same relative arrangement of month and day characters upon the coupons as that to which the Kelly claims are drawn, differing from Kelly only in the time interval represented by adjacent coupons. In Davis the due dates for the coupons occur quarterly and the month indicia on successive coupons naturally correspond thereto.

Wilson also taught the serial numbering of successive coupons. His invention relates to that class of railway tickets known as commutation tickets which are furnished to passengers travelling regularly between two certain stations during a specified period of time. He provides a series of tickets in the form of coupons bound in book form with the necessary printed data, so that the agent may by punch simultaneously indicate the station points and the limiting dates during which the coupons must be used. As stated in the specification, and shown in Fig. 4, "the tickets or trip coupons are numbered boldly with successive numerals."

Titcomb discloses a commutation book containing a number of tickets. The book bears a table 8 of numbers from 1 to 31 offset so that a punch mark through the book will indicate successive dates upon successive tickets.

Further discussion of the prior art is unnecessary. Coupon books per se were old. Offset date printing was taught by Davis and Titcomb. Serial numbering of coupons bearing printed rows of month and day indicia was old in coupon books designed to permit the punching of the desired date on all of the coupons by perforations extending through the book.

The Kelly patent in issue is invalid in view of the prior art cited, and, therefore, in using a coupon book of the type there described, the defendant has not infringed.

The bill must be dismissed.

It is so ordered.